INOCENCIA RODRÍGUEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1139. Submitted February 7, 1944.—Decided March 6, 1944.

*Dubón & Ochoteco* and *Otero Suro & Otero Suro* for appellant. The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Emilia Cajas Cals died in San Lorenzo leaving a closed will which was duly filed in a protocol by an order of the District Court of Humacao and which reads as follows:

"In the name of the Most Holy Trinity and the Most Holy Virgin I drew my will today in favor of Inocencia Rodríguez who deserves it, because she has served me well for many years and this is my last will. I own only a house in Caguas, 10 Corchado Street, corner to Celis Aguilera, assessed at $3,000, and I order that said house be sold and after deducting the expenses for my last illness and funeral, that one thousand dollars, or more, if possible, be delivered to Inocencia Rodríguez; therefore, whatever I have I will it to her; I also order that all my other personal objects, such as jewelry, furniture, clothes, statues, and the piano (if it still exists at that time) be given to her; but it is my will that when

I die she should order a mass of one dollar in my name and every month at the same date; it should be a low mass, and in the month of November she should order five masses besides mine, for the souls of father, mother, my brothers, Catana Santa María and Genara Caldas, all this while she has money for it, and when she has not, she should go and hear the masses without ordering them.—I want to confess something which I wish to fulfill in full conscience and that is: that a relative of mine, Ulpiano Casal, has paid for sometime the taxes on my house and has made several loans to me which I hereunto acknowledge, but I can not state the amounts exactly; however, since I trust him, he should consult Rev. Father Olalla and Inocencia and find a way to collect those loans, or whatever part he can, as he has never tried to collect any; but I fulfill my duty.—(Signed) Emilia Cajas Cals.—Sn. Lorenzo, January 23, 1941.''

A copy of the deed of protocolization of the will, to which were attached the testator's death certificate and the inherhitance-tax receipt, was presented in the Registry of Property of Caguas for recording the title of ownership of the house bequeathed in the will in favor of the legatee Inocencia Rodríguez.

The registrar refused record therefor, and entered a note at the foot of the certified copy of the deed which, in its pertinent part, reads as follows:

''Record of the foregoing instrument is hereby denied, after examining other documents, and in lieu thereof notice has been entered for 120 days, because according to the will of Emilia Cajas Cals, the property to which the same refers, should be sold in order to pay to doña Inocencia Rodríguez, after certain debts of the testator have been deducted, the sum of $1,000, *or more if possible,* said Inocencia Rodríguez being then a legatee as to that real property and an heir only as to certain specified objects stated in the will.'' (Italics ours.)

As held by the registrar, Inocencia Rodríguez has the status of a legatee with respect to the house and that of an heir as to the objects mentioned in the will. However, we do not agree with the registrar in his holding that the house

must necessarily be sold, and that since Inocencia Rodríguez is a legatee, said house can not be recorded in her favor, subject, of course, to a deduction of the debts specified in the will. The registrar himself admits in his brief "that it clearly appears that the intention of the testator was to bequeath to said Inocencia Rodríguez whatever remained from the proceeds of the sale of the house." If the debts are paid from the proceeds of the sale of the house and whatever is left belongs to Inocencia Rodríguez, how can the intention of the testator be violated if Inocencia Rodríguez pay off the debts and retains ownership of the house? Since that was the intention of the testator, the legacy may be considered as a specific property and we can apply herein the holding of Morell when dealing with that kind of legacies:

"After all, the legatee of a specific thing has, according to the Code, the right of ownership thereof. Could there be a more efficacious real property right than that property which is conveyed in the first instance? Why should it not be recorded subject to the conditions provided by law? A cautionary notice can not secure his right more effectively, and that is not the proper procedure. Property rights, whether conditional or not, are, by their own nature, their best guaranty." 3 Morell, Legislación Hipotecaria, 128, 129."

Where the property subject to the payment of the testator's debt is recorded, the creditors' rights are thereby securely protected, and once there is proof that said debts are paid off, the legatee retains full ownership of the property recorded in her favor and free of said condition.

In the case at bar we can apply, by analogy, what appears on page 131 of the work and volume above cited, wherein the following is said:

"The order of April 28, 1876, holds that where the condition of heirs and legatees are present in the same persons, and all agree that each one should take possession as legatee of the money or property bequeathed, there is no need of entering a cautionary notice, or of previous delivery, and the legacies may be recorded."

The decision appealed from should be reversed and record of the ownership of the property bequeathed ordered in favor of Inocencia Rodríguez, subject to the condition of payment of the debts stated in the will.